**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

DONALD S. HUNTER, SR.,
2345 Barkley Place,
Forestville, MD 20747,
Plaintiff,

v.

CONDOLEEZA RICE, Secretary,
U.S. Department of State
2201 C. Street, NW,
Washington, DC 20520
Defendant.

Case No. 07-863C (Hodges)

COMPLAINT

This is an action by Plaintiff, Donald S. Hunter, Sr., (hereafter "Hunter" or "Plaintiff") to redress actions taken individually and collectively by Defendant, Department of State, (hereafter "Defendant" or "Agency"), based on violations of the Equal Pay Act. The Equal Pay Act claims are being transferred to the instant jurisdiction from the U.S. District Court of District of Columbia. Plaintiff alleges that Defendant paid him lower wages than female employees for a job that required equivalent skill, effort and responsibility.

Plaintiff prays for a jury trial under federal rules in this case, and alleges as follows:

## JURISDICTION

1. This action arises from Equal Pay Act of 1963, as amended, prescribed under 29 U.S.C. Sec. 206(d) *et seq.*

2. Jurisdiction is appropriate under 28 U.S.C. Sec. 1491.

3. This Court has jurisdiction to award declaratory relief, all compensatory damages sought by Plaintiff in this case, and all reasonable attorney's fees and costs pursuant to 29 U.S.C. Sec. 206(d) *et seq*.

## PLAINTIFF

4. Plaintiff, Donald S. Hunter, Esq., an individual with a disability and United States Citizen, residing in the State of Maryland.

5. At all times relevant to the instant complaint, Plaintiff worked as a GS-12 Grants Specialist in the Grants Division of the Bureau of Educational and Cultural Affairs at the Department of States.

## DEFENDANT

6. At all times relevant to this case, Defendant, Department of States, has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

7. Defendant maintained offices in the District of Columbia during all relevant times of this Complaint.

## FACTUAL BASIS OF COMPLAINT

8. Plaintiff worked as a GS-12 Grants Specialist between 2002 and 2006.

9. Between 2002 and 2004, Plaintiff performed equivalent work as four female employees that were Grant Specialists and received less pay.

10. The female employees were Ms. Swann, Ms. Stinson, Ms. Ahern, and Ms. Joyce Love.

11. All of the employees, including Mr. Hunter, worked in the Grants Division of the Bureau of Educational and Cultural Affairs at the Department of States, under similar working conditions.

12. The common duties and responsibilities included, but were not limited to, managing, monitoring congressionally-mandated programs, administering complex multi-million dollar grants, providing guidance and advice to program officers, team members and/or subordinates, and serving as a team leader on special projects.

**Count I**
**Equal Pay Act Claim**

13. Plaintiff adopts and incorporates by reference each and every allegation set forth in the previous paragraphs as if the same were set forth in full in this Count.

14. Plaintiff worked as a GS-12 Grants Specialist.

15. At all times, Plaintiff performed the functions of his job fully and competently.

16. Plaintiff was paid lower wages than four female grant specialists in his office.

17. Plaintiff performed a job that required equivalent skill, effort and responsibility as the female employees.

18. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

19. In addition to the aforementioned, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages as a direct result of Defendant's actions and omissions.

WHEREFORE, PLAINTIFF PRAYS that he be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

b) An injunction enjoining Defendant from engaging in such conduct in the future;

c) An order directing Defendant to provide make-whole relief by retroactively promoting Plaintiff or providing an accretion of duties to a Grants Specialist GS-13, paying an award of back pay and fringe benefits;

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) damages up to the maximum amount permitted by statute or law and punitive damages in an amount to be determined;

e) An order directing Defendant to pay reasonable attorneys fees and costs of this litigation; and

f) Such other and further relief as the Court may deem just and appropriate.

**Request for Jury Trial**

Plaintiff requests a trial by jury on all matters properly tried to a jury.

Respectfully Submitted,

____/s/__________________

Michael J. Snider, Esq.
Jason I. Weisbrot, Esq.
Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, Maryland 21208
410-653-9060 phone
410-653-9061 fax

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, the foregoing Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/___________________
Jason I. Weisbrot, Esq.