**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| DONALD S. HUNTER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-863C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's unnumbered, introductory paragraph constitute conclusions of law and plaintiff's characterization of his claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Plaintiff is not entitled to a jury trial.

1. The allegations contained in paragraph 1 constitute conclusions of law and the plaintiff's characterization of his claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegation contained in paragraph 4 that the plaintiff is a citizen of the United States; denies the remainder of the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits that the plaintiff was employed as a GS-12 Grants Specialist in the Grants

Division of the Executive Office of the Bureau of Educational and Cultural Affairs of the United States Department of State between November 7, 1999, and June 26, 2006; otherwise denies the allegations contained in paragraph 5.

6. Denies the allegations contained in paragraph 6 that the defendant is the "Department of States," or that this action is subject to 42 U.S.C. § 2000(b). The remainder of the allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits.

8. Admits that the plaintiff was employed as a GS-12 Grants Specialist in the Grants Division of the Executive Office of the Bureau of Educational and Cultural Affairs of the United States Department of State between November 7, 1999, and June 26, 2006; otherwise denies the allegations contained in paragraph 8.

9. Denies.

10. Denies. Avers that Phyllis Swann, Connie Stinson, Margaret Ahern, and Joyce Love were employed as GS-13 Grants Specialists in the Grants Division of the Executive Office of the Bureau of Educational and Cultural Affairs of the United States Department of State at various times while plaintiff was employed as a GS-12 Grants Specialist in the Grants Division of the Executive Office of the Bureau of Educational and Cultural Affairs of the United States Department of State between November 7, 1999, and June 26, 2006.

11. Denies.

12. Denies.

13. The defendant incorporates its responses to the allegations contained in paragraphs 1 through 12.

14. Admits that the plaintiff was employed as a GS-12 Grants Specialist in the Grants Division of the Executive Office of the Bureau of Educational and Cultural Affairs of the United States Department of State between November 7, 1999, and June 26, 2006; otherwise denies the allegations contained in paragraph 14.

15. Denies.

16. Denies.

17. Denies.

18. Denies.

19. Denies.

20. Denies each and every allegation not previously admitted or otherwise qualified.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief, or to any relief whatsoever.

Plaintiff's request for a jury trial does not require an answer, as a jury trial is not available in this Court; to the extent plaintiff's request for a jury trial requires an answer, the defendant objects and requests a bench trial.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel. (202) 616-0170
Fax. (202) 305-7644

May 5, 2008 Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on May 5, 2008, a copy of the foregoing “ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak